UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEMITRA S.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. 2:18-cv-1184 JCC-JRC

REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT

NOTING DATE: August 2, 2019

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed. *See* Dkt. 21, 25, 26, 27.

After considering and reviewing the record, the Court recommends that the Commissioner's decision be affirmed. The ALJ did not apply the wrong standard of review for medical evidence and provided a germane reason for rejecting an "other source" medical opinion. Plaintiff's counselor, who cannot be considered a treating source because she was not an acceptable medical source, treated plaintiff for two years. Yet the ALJ found that the counselor's

opinion was based primarily on plaintiff's self-reports, which the ALJ properly rejected. The ALJ relied on four other acceptable medical sources in making her disability determination.

The ALJ provided at least one clear and convincing reason for discounting plaintiff's symptom testimony. The ALJ found that plaintiff sought only minimal treatment for her fibromyalgia impairment, which was supported by substantial evidence. The ALJ provided a germane reason for rejecting lay witness testimony because that testimony was based on plaintiff's self-reports, which the ALJ properly rejected.

The Court finds that the ALJ did not improperly "parse" the record as plaintiff alleges, but properly evaluated the evidence. In sum, the decision is supported by substantial evidence. Because the Court recommends that this matter be affirmed, it is unnecessary to determine whether or not the Administration accurately determined whether plaintiff had sufficient quarters of coverage to qualify for Title II benefits.

Accordingly, the Court recommends that this matter be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration. AR. 110, 125. Plaintiff's requested hearing was held before Administrative Law Judge Laura Valente ("the ALJ") on April 6, 2017. AR. 33. On June 26, 2017, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 12.

1    On June 12, 2018, the Appeals Council denied plaintiff's request for review, making the
2  written decision by the ALJ the final agency decision subject to judicial review. AR. 1; *see* 20
3  C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's
4  written decision in August 2018. Dkt. 1. Defendant filed the sealed administrative record
5  regarding this matter ("AR.") on December 3, 2018. Dkt. 12.

BACKGROUND

8    Plaintiff, Demitra S., was born in 1989 and was 23 years old on the alleged disability
9  onset date of January 10, 2013. AR. 111. Plaintiff completed one year of college and has earned
10 a certificate as an office assistant. AR. 296. Plaintiff has work history as an assistant, in retail,
11 and food service. AR. 297. She states that she lost her position, and feels "this was in part
12 because of not being able to physically keep up with my coworkers." AR. 295.

13   Plaintiff filed her complaint alleging impairments of fibromyalgia and depression. AR.
14 111. According to the ALJ, plaintiff has at least the severe impairments of inflammatory process,
15 anxiety, and depression. AR. 17.

STANDARD OF REVIEW

18   Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of
19 social security benefits if the ALJ's findings are based on legal error or not supported by
20 substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th
21 Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

In plaintiff's opening brief, plaintiff raises the following issues: (1) Whether the ALJ properly evaluated the medical evidence, using the correct standard; (2) Whether the ALJ improperly discounted lay witness testimony; (3) Whether the ALJ improperly discounted plaintiff's testimony; (4) Whether the ALJ improperly "parsed" the medical evidence to reach a finding of non-disability; (5) Whether the ALJ's step-five finding was in error; and (6) Whether plaintiff had sufficient quarters of coverage to qualify for Title II Benefits. *See* Dkt. 21, p. 1.

**I.      Medical Evidence**

*A.   Whether the ALJ Used the Appropriate Standard for Evaluating Medical Evidence*

Plaintiff asserts that the ALJ applied the wrong standard for evaluating medical evidence, and therefore failed to assign controlling weight to plaintiff's treating medical provider, Karen Fuller, LMHP.

Plaintiff filed her claim for disability on October 31, 2014. AR. 110. For claims filed before March 27, 2017, medical evidence is weighed according to the regulations set forth in 20 CFR §§ 404.1527, 416.927, which allows treating sources to be afforded controlling weight in some circumstances. *See Edlund v. Massanari*, 2001 Cal. Daily Op. Srvc. 6849, 2001 U.S. App. LEXIS 17960 at *14 (9th Cir. 2001) (citing SSR 96-2p, 1996 SSR LEXIS 9); *see also Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). However, for claims filed before March 27, 2017, Karen Fuller, is not an acceptable medical source pursuant to 20 C.F.R. §§ 404.1502, 416.902. According to SSR 06-3p, "only 'acceptable medical sources' can [provide] medical opinions [and] only 'acceptable medical sources' can be considered treating sources." SSR 06-3p, 2006 SSR LEXIS 5 at *3-*4 (internal citations omitted). Therefore, plaintiff's assertion that Fuller's

opinion is entitled to controlling weight is not supported by the governing regulations at the time plaintiff filed her application.

Nevertheless, evidence from "other medical" sources, that is, lay evidence, can demonstrate "the severity of the individual's impairment(s) and how it affects the individual's ability to function." SSR 06-03p, 2006 SSR LEXIS 5 at *4. The Social Security Administration has recognized that with "the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not 'acceptable medical sources,' . . . have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists." *Id.* at *8. Therefore, according to the Social Security Administration, opinions from other medical sources, "who are not technically deemed 'acceptable medical sources' under our rules, are important, and should be evaluated on key issues such as impairment severity and functional effects." *Id.*

Here, the ALJ afforded minimal weight to Fuller's opinions, significant weight to examining psychologist Dr. Andersen, significant weight to State agency non-examining reviewing consultants Drs. Clifford, Comrie, and Fligstein, and some weight to State agency non-examining reviewing consultant Dr. Ignacio. AR. 22-23. An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citations omitted); *see also* 20 C.F.R. § 404.1527(c)(1) ("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you"). As acceptable medical sources, both examining and non-examining sources are entitled to greater weight than an "other source." *See* SSR 06-03p, 2006 SSR LEXIS 5 at *12.

1  An ALJ may disregard opinion evidence provided by an "other source," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so.'" *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 24 (9th Cir. 2010) (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). An ALJ may discount lay testimony that "conflicts with medical evidence." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (citations omitted); *see also Baylis v. Barnhart*, 427 F.3d 1244. 1218 (9th Cir. 2005) ("Inconsistency with medical evidence" is a germane reason for discrediting lay testimony) (citing *Lewis,* 236 F.3d at 511). However, "depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source,' including the medical opinion of a treating source." SSR 06-03p, 2006 SSR LEXIS 5 at *12-*13.

Fuller treated plaintiff from at least June 2015 on a biweekly basis. AR. 730. In a narrative letter, Fuller states that plaintiff "presents as depressed almost all of the time," feels hopeless and has little energy, and "when triggered. . . her anxiety increases to the point where she is unable to function and shuts down." AR. 730. Fuller states that plaintiff is extremely avoidant of telephone calls and social interactions. Ar. 730. Fuller also submitted a document at the request of plaintiff's attorney, which appears to imply that Fuller believes that plaintiff meets listing criteria for several mental health listings. AR. 731-35.

The ALJ assigned Fuller's opinion minimal weight because it is inconsistent with plaintiff's daily activities, the normal mental status exam findings, and "appears to be largely a recitation of [plaintiff's] subjective complaints." AR. 23. The ALJ also notes that Fuller stated

1  that plaintiff is reliably able to attend and participate in her appointments, which the ALJ states is
2  inconsistent with the severity of the limitations alleged. AR. 23.

3  Basing an opinion primarily on a plaintiff's self-reports can be a germane reason when
4  the ALJ has properly rejected the plaintiff's symptom testimony, and where the treating source
5  does not support their opinion with objective clinical evidence. *See Tommasetti v. Astrue*, 533
6  F.3d 1035, 1041 (9th Cir. 2008) ("[an] ALJ may reject a treating physician's opinion if it is
7  based 'to a large extent' on a claimant self-reports that have been properly discounted as
8  incredible.") (citations omitted); *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) ("when
9  an opinion is not more heavily based on a patient's self-reports than on clinical observations,
10 there is no evidentiary basis for rejecting the opinion.") (citations omitted). Inconsistency with
11 the medical record also is a germane reason for the minimal weight given Fuller's opinion. *See*
12 *Lewis,* 236 F.3d at 511.

13 Fuller does state that parts of her opinion are based on her own observations of plaintiff,
14 however, it does not appear that Fuller conducted any objective testing or mental status
15 examinations. *See* AR. 717-21, 730. The ALJ notes that the mental status exams in the record,
16 including one conducted by an examining psychologist, were largely within normal limits. *See*
17 AR. 21-22 (citing AR. 395, 493-94, 597-98, 648, 670).

18 Notably, plaintiff does not challenge the weight given to the other opinions in the record,
19 except to assert that Fuller's opinion is entitled to controlling weight.  Because the there is
20 substantial evidence to support the ALJ's reliance on the other opinions, which are entitled to
21 greater weight than Fuller's opinion, the ALJ did not err in assigning minimal weight to Fuller's
22 opinion.

23
24

1      *B. Whether the ALJ Improperly "Parsed" the Medical Evidence*

2      Plaintiff alleges that the ALJ "has chosen to marginalize claimant's claim by isolating a
3 specific quantum of evidence, that is, she has parsed the record." Dkt. 21, p. 7. As an example,
4 plaintiff states that the ALJ discounted records showing that plaintiff "met the FM standards with
5 13/18 tender points" and that SSR 12-2p only requires eleven out of eighteen trigger points for a
6 diagnosis of fibromyalgia. Dkt. 21, p. 7. However, the ALJ's statement regarding this record is
7 that "[plaintiff] had 13/18 tender points but was observed to be in no distress, sat comfortably,
8 and full range of motion in her neck and back, had a normal gait, maintained 5/5 strength in all
9 muscle groups, and had normal reflexes." AR 21 (citing AR. 458-61). Upon inspection of the
10 cited record, it appears the ALJ accurately summarized the treatment note. The doctor's
11 impression was that plaintiff had "tenderness in13/18 [sic] locations and otherwise benign exam
12 is consistent with a diagnosis of fibromyalgia." AR. 461.

13      Plaintiff seems to indicate that the ALJ should have found that plaintiff had a medically
14 determinable impairment of fibromyalgia, but does not state how this determination would affect
15 the outcome of the ALJ's decision. The ALJ addressed plaintiff's possible fibromyalgia
16 diagnosis, and stated that:

17-21
> [] I find that the evidence before me does not satisfy the criteria in SSR 12-2p and find that fibromyalgia is a non-medically determinable impairment. However, I have nonetheless considered the claimant's complaints of pain, inflammation, and fatigue and have accepted that she has some inflammatory process. Regardless of the specific diagnosis, the residual functional capacity noted below accommodates for the claimant's subjective complaints that are supported by the treatment notes. Furthermore, even if I were to find that fibromyalgia was a medically determinable impairment, it would not cause any additional limitations than those noted below and would not change the outcome of this decision.

22 AR. 17. Thus, any error regarding plaintiff's fibromyalgia impairment is harmless. *See Molina v.*
23 *Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("an ALJ's error is harmless where it is

24

'inconsequential to the ultimate nondisability determination.'") (quoting *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted).

Plaintiff's other examples appear to be plaintiff interpreting evidence differently than the ALJ, however plaintiff does not give specific examples of inappropriate treatment of the record. The ALJ is responsible for evaluating a claimant's testimony and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Determining whether or not inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999)). If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and evaluating a claimant's testimony lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (quoting *Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (citing *Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))). Moreover, it is not the job of the court to reweigh the evidence—if the evidence "is susceptible to more than one rational interpretation," including one that supports the decision of the Commissioner, the Commissioner's conclusion "must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citing *Morgan,* 169 F.3d at 599, 601).

Accordingly, the Court finds that the ALJ did not improperly "parse" the medical evidence.

**II.     Plaintiff's Symptom Testimony**

Plaintiff asserts that the ALJ erred by not fully crediting plaintiff's symptom testimony. Dkt. 21, p. 11. If an ALJ rejects the testimony of a claimant once an underlying impairment has

been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)). As with all findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (citing 42 U.S.C. § 423(d)(5)(A) (other citations and footnote omitted)). Even if a claimant "has an ailment reasonably expected to produce *some* pain; many medical conditions produce pain not severe enough to preclude gainful employment." *Fair,* 885 F.2d at 603. Moreover, the Ninth Circuit has noted that "several of our cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citations omitted).

Here, the ALJ provided at least one clear and convincing reason for discounting plaintiff's subjective testimony. The ALJ stated that "the treatment notes support the need for some limitation, [but] they fail to document a finding of complete disability." AR. 22. The ALJ noted that despite claims of disabling pain, plaintiff only sought minimal treatment. AR. 22; *see Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) (Where the "record reflects that [plaintiff] responded favorably to conservative treatment," yet failed to seek aggressive treatment, such findings allowed the ALJ to make the "permissible inference" that the plaintiff's symptom of pain "was not as all-disabling as he reported"); *see also Rollins v. Massanari,* 261

F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.") (citing 20 C.F.R. § 404.1529(c)(2)).

The ALJ made specific findings to support his assessment of plaintiff's testimony. *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (In evaluating a claimant's allegations of limitations, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'") (citations omitted). At her hearing, plaintiff stated that she doesn't take any prescriptions for pain, but only takes ibuprofen. AR. 58-59. Plaintiff complied with treatment, as the record shows that she participated in physical therapy (AR. 516-35), and regularly attended her counseling sessions (AR. 730). Plaintiff stated that her mental health medications help "to a degree." AR. 58. Plaintiff stated in a psychological evaluation that she applied for disability "[m]ostly because of fibromyalgia" rather than her mental health impairments. AR. 391. The ALJ acknowledged that plaintiff has some limitations resulting from her impairments, which was reflected in the RFC. AR. 20, 22. Therefore, the ALJ reasonably inferred that plaintiff's minimal treatment for fibromyalgia indicates that her symptoms are not as severe as alleged.

### III. Lay Witness Testimony

Plaintiff alleges that the ALJ improperly weighed lay witness testimony. Dkt. 21, p. 11-14. As discussed in section one above, the ALJ may give a germane reason for disregarding "other source" opinions. *Turner,* 613 F.3d at 1224.

The ALJ considered the opinions submitted by plaintiff's mother and boyfriend. AR. 24. The ALJ afforded these opinions less weight than the longitudinal record because "[b]oth of their

opinions appear heavily based on the claimant's self-reporting of her symptoms." AR. 24. The ALJ also noted the lack of their personal observation of plaintiff's daily activities because they were "generally not present to witness her day-to-day functioning." AR. 24. The Ninth Circuit has held that where "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony." *Valentine v. Comm'r SSA,* 574 F.3d 685, 694 (9th Cir. 2009). Therefore, the ALJ did not err in evaluating lay witness testimony.

### IV.    Whether Plaintiff is Eligible For Title II Benefits

Plaintiff alleges that the Administration erred in calculating plaintiff's quarters of coverage regarding her eligibility for Title II benefits. Dkt. 21, p. 15. The Court recommends that the Commissioner's decision be affirmed. Therefore, because the disability standard is the same for Title II and Title XVI, it is moot to determine whether plaintiff had sufficient quarters to be eligible for Title II benefits.

### CONCLUSION

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). **JUDGMENT** should be for **DEFENDANT** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

1 | imposed by Rule 72(b), the clerk is directed to set the matter for consideration on August 2,

2 | 2019, as noted in the caption.

3 |     Dated this 15th day of July, 2019.

J. Richard Creatura
United States Magistrate Judge