THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEMITRA SMITH-DUKES, | CASE NO. C18-1184-JCC |
| Plaintiff, | ORDER |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

This matter comes before the Court on the report and recommendation of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. No. 29). Having considered the report and recommendation, Plaintiff's objections (Dkt. No. 30), and the relevant record, the Court ADOPTS the report and recommendation, OVERRULES Plaintiff's objections, and AFFIRMS the administrative law judge's decision to deny Plaintiff social security disability benefits.

**I.      BACKGROUND**

Plaintiff is a 29-year-old woman with a documented history of mental health issues and chronic pain. (*See, e.g.*, Dkt. No. 12 at 401, 458, 463, 554.) She filed an application for supplemental social security income, alleging that she was disabled due to a combination of bipolar affective disorder, depression, and fibromyalgia. (*Id.* at 103.) The Social Security Administration denied that application on July 22, 2014, (*id.* at 149–52), and rejected Plaintiff's request for reconsideration on May 26, 2015, (*id.* at 166–68). Following those rejections,

Plaintiff requested a hearing before an ALJ. (*Id.* at 172–74.) The ALJ held the hearing on April 6, 2017, (*id.* at 38–92), and subsequently issued an unfavorable decision, (*id.* at 17–37). Although the ALJ recognized that Plaintiff's impairments were "severe," (*see id.* at 22), the ALJ found they were not so severe as to make Plaintiff disabled, (*see id.* at 17–24). The Appeals Council declined to review the ALJ's decision. (*Id.* at 6.)

After Plaintiff's request for review was denied, she filed a complaint in this Court seeking judicial review of the ALJ's decision. (Dkt. No. 6.) Judge Creatura has reviewed the complaint and recommends that the Court affirm the ALJ's decision. (*See generally* Dkt. No. 29.)

## II.   DISCUSSION

Plaintiff raises the following issues: (1) whether the ALJ improperly weighed the medical evidence using the incorrect standard; (2) whether the ALJ improperly discounted Plaintiff's testimony about the severity of her symptoms; (3) whether the ALJ erroneously discounted the testimony of Plaintiff's mother and boyfriend; (4) whether the ALJ erred in concluding that Plaintiff could perform work existing in the national economy; (5) whether the ALJ improperly "parsed" the evidence; and (6) whether Plaintiff qualifies for Title II benefits. (*See* Dkt. No. 21 at 1.) The Court finds that the first five issues are without merit and that the sixth issue is moot.

### A.   Standard of Review

A court may reverse an ALJ's denial of benefits "only if it is based upon legal error or is not supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Twidell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). If the evidence "is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

### B.   Medical Evidence

Plaintiff raises two objections to how the ALJ evaluated the opinion of Plaintiff's treating

medical provider, Karen Fuller. First, Plaintiff asserts that the ALJ erroneously failed to assign Fuller's opinion controlling weight because the ALJ applied the wrong standard for evaluating medical evidence. (*See* Dkt. No. 21 at 7.) Second, Plaintiff appears to argue that even if the ALJ applied the correct standard, the ALJ should have given Fuller's opinion controlling weight because of the length of Fuller's clinical relationship with Plaintiff. (*See* Dkt. No. 30 at 2, 7.) After reviewing Plaintiff's objections, Judge Creatura concluded that the ALJ properly evaluated Fuller's opinion as lay testimony. (*See* Dkt. No. 29 at 4–7.)

For claims filed before March 27, 2017, 20 C.F.R. §§ 404.1527 and 416.927 govern how an ALJ must weigh medical evidence. Those regulations afford "treating sources" controlling weight in certain circumstances. *See Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001) (citing SSR 96-2p, 1996 WL 374188 (July 2, 1996)). And even when treating sources are not given controlling weight, "treating source medical opinions are still entitled to deference." *Id.* (quoting SSR 96-2p, 1996 WL 374188 at *4). But not all opinions are considered "treating source medical opinions": "only 'acceptable medical sources' can [provide] medical opinions [and] only 'acceptable medical sources' can be considered treating sources.'" SSR 06-3p, 2006 WL 2329939 at *2 (Aug. 9, 2006). "Acceptable medical sources" are limited to (1) licensed physicians, (2) licensed or certified psychologists, (3) licensed optometrists, (4) licensed podiatrists, and (5) qualified speech-language pathologists. *See* SSR 06-03p, 2006 WL 2329939 at *1.

Here, Fuller is not an "acceptable medical source" because she does not fall under one of the five categories listed in Social Security Ruling 06-03p. While Plaintiff may be correct that "Fuller is no unaccredited slouch," (Dkt. No. 30 at 7), she is not a licensed physician or a licensed psychologist; she is a mental health counselor. (*See* Dkt. No. 3 at 6–7); Wash. Admin. Code § 246-809-220(1). Consequently, Plaintiff is simply incorrect when she states, "by the time of [the] hearing Karen Fuller's status had elevated to an acceptable source." (*See* Dkt. No. 3 at 4.)

Because Fuller is not an "acceptable medical source," her opinion is considered lay testimony. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1216, 1224 (9th Cir. 2010). Lay testimony is generally entitled to less weight than treating source medical opinions. *See* SSP 06-03p, 2006 WL 2329939 at *5. In addition, an ALJ may disregard a lay witness's testimony "if the ALJ 'gives reasons germane to each witness for doing so.'" *Turner*, 613 F.3d at 1224 (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)). However, the weight to be given to lay testimony "depend[s] on the particular facts of the case," and "an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source,' including the medical opinion of a treating source." *See* SSP 06-03p, 2006 WL 2329939 at *5.

In this case, the ALJ did not err in assigning minimal weight to Fuller's opinion. To begin with, the ALJ properly considered the relative qualifications of Fuller and the acceptable medical sources who also gave opinions. (*See* Dkt. No. 12 at 27–28.) "'[A]cceptable medical sources' 'are the most qualified health care professionals.'" SSP 06-03P, 2006 WL 2329939 at *5. They are therefore entitled to deference. *See id.* Fuller, by contrast, is not an "acceptable medical source." *See id.* at *1. Indeed, she is not qualified to opine on Plaintiff's physical limitations. (*See* Dkt. No. 12 at 28.)

The ALJ also offered a germane reason for discounting Fuller's lay testimony. An ALJ may discount an "other source" opinion if the opinion is based primarily on the claimant's self-reports, the ALJ has properly rejected those reports, and the other source does not support their opinion with objective clinical evidence. *See Ghanim v. Colvin*, 753 F.3d 1154, 1162 (9th Cir. 2014); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). That is exactly what happened here: Fuller based her opinion largely on Plaintiff's subjective complaints, (*see* Dkt. No. 12 at 722–26, 735); Fuller did not appear to conduct any objective testing or mental status examinations, (*see id.*); and as explained below, the ALJ properly discounted Plaintiff's testimony, *see infra* Section II.C.

Plaintiff argues that despite Fuller's relative lack of qualifications and reliance on self-reporting, the ALJ should have given Fuller's opinion controlling weight because Fuller had a long-term clinical relationship with Plaintiff. (*See* Dkt. No. 30 at 2, 7.) To support her argument, Plaintiff cites *Garrison v. Colvin*, 759 F.3d 995, 1009, 1013–14 (9th Cir. 2014), wherein the Ninth Circuit held that an ALJ erred when the ALJ discounted a treating physician's opinion and instead gave substantial weight to a state agency consulting physician who never examined the claimant. But *Garrison* involved the relative weight to be given to different "acceptable sources." *See* 759 F.3d at 1013–14. It did not create a bright-line rule that regardless of a treating source's qualifications, a treating source's opinion must be given controlling weight if the treating source had a long-term relationship with the claimant. Such a rule would contradict the regulations and rulings that apply to Plaintiff's claim. *See* SSP 06-03P, 2006 WL 2329939 at *5. Those regulations and rulings instruct an ALJ to holistically evaluate medical opinions based on the "particular facts in a case." *See id.*

Given that the ALJ correctly evaluated Fuller's opinion as lay testimony and offered a germane reason for discounting Fuller's opinion, the ALJ did not err when she declined to give Fuller's opinion controlling weight.

**C.   Plaintiff's Symptoms Testimony**

Plaintiff also takes issue with the ALJ's conclusion that Plaintiff did not give credible testimony about the severity of her symptoms. (*See* Dkt. No. 21 at 11–14.) The ALJ found that Plaintiff's testimony was not credible for three reasons. First, the ALJ observed that Plaintiff sought "little treatment for her inflammatory impairment," (*see* Dkt. No. 12 at 27), and saw improvement when she did seek treatment, (*see id.* at 25). Second, the ALJ concluded that Plaintiff's testimony was inconsistent with her daily activities. (*See id.* at 27.) And third, the ALJ found it noteworthy that Plaintiff worked her last two jobs while suffering from her alleged disability and that those jobs ended for reasons unrelated to her impairments. (*See id.*) Judge Creatura found that the ALJ's first reason is supported by substantial evidence. (*See* Dkt. No. 29

ORDER
C18-1184-JCC
PAGE - 5

at 9–11.)

An ALJ is not "required to believe every allegation of disabling pain." *Fair v. Bowen*, 885 F.2d 587, 603 (9th Cir. 1989). If an ALJ rejects a claimant's allegation of disabling pain once an impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen v. Charter*, 80 F.3d 1273, 1284 (9th Cir. 1996). However, the ALJ need only provide one valid reason for rejecting the Plaintiff's testimony, and the Ninth Circuit has consistently found an ALJ's error to be harmless if the ALJ provides both valid and invalid reasons for disbelieving a claimant's testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

An ALJ may properly discount a claimant's testimony if the claimant responds favorably to a conservative treatment program and fails to seek more aggressive treatment. *See Tommasetti*, 533 F.3d at 1039–40. In such circumstances, the ALJ may make a "permissible inference" that the claimant's symptoms are "not as all-disabling as he reported." *See id.* That said, a conservative treatment program "is not a proper basis for rejecting the claimant's credibility where the claimant has a good reason for not seeking more aggressive treatment." *Carmickle v. Comm'r*, 533 F.3d 1155, 1162 (9th Cir. 2008) (finding adverse side effects and lack of insurance coverage to be good reasons); *see Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (holding claimant had a good reason to discontinue physical therapy where it offered "only partial and short-lived relief").

Here, substantial evidence supports the ALJ's finding that Plaintiff responded favorably to conservative treatment and failed to seek more aggressive treatment. Plaintiff initially attempted to treat her condition with medication. (*See* Dkt. No. 12 at 64, 411, 417, 427, 452, 669.) Unfortunately, each medication she tried either failed to alleviate her pain or caused serious side effects. (*See id.*) But contrary to Plaintiff's claim, the ALJ did not "fai[l] to consider that prior medical regimens did not work." (Dkt. No. 30 at 3.) Instead, the ALJ acknowledged those prior medical regimens and based her decision on Plaintiff's failure to seek treatment "other than

1  medication management." (*See* Dkt. No. 12 at 27.) Specifically, the ALJ observed that Plaintiff
2  briefly engaged in physical therapy, reported some improvement in her pain with that treatment,
3  and then stopped going to physical therapy. (*See id.* at 26–27.) This finding is supported by
4  substantial evidence: the record shows that Plaintiff experienced measurable improvement after
5  only three physical therapy sessions, (*see id.* at 529), but stopped going to physical therapy
6  despite several doctors recommending that she continue treatment, (*see id.* at 466, 529, 682).
7  Accordingly, the ALJ did not err when she rejected Plaintiff's testimony about the severity of her
8  symptoms. *See Tommasetti*, 533 F.3d at 1039–40.

### D. Other Lay Witness Testimony

Plaintiff also objects to how the ALJ weighed the testimony of Plaintiff's mother and boyfriend. (*See* Dkt. Nos. 21 at 9–11, 30 at 8.) The ALJ gave only "some weight" to their testimony because "their opinions appear heavily based on the claimant's self-reporting of her symptoms." (*See* Dkt. No. 12 at 29.) Plaintiff disputes the ALJ's finding, arguing that her mother and boyfriend had personal knowledge for some of their observations. (*See* Dkt. No. 30 at 8.) But the ALJ did not completely discount those witnesses' testimony or conclude that they had no personal knowledge of Plaintiff's disability. Rather, the ALJ gave their testimony less weight because "[Plaintiff's] mother and boyfriend work during the day, so they are generally not present to witness her day-to-day functioning." (*See* Dkt. No. 12 at 29.) And given that "the ALJ provided clear and convincing reasons for rejecting [Plaintiff's] own subjective complaints, and because [the lay witnesses'] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [their] testimony." *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). Thus, the ALJ did not err in evaluating the testimony of Plaintiff's mother and boyfriend. *See Turner*, 613 F.3d at 1224 (quoting *Lewis*, 236 F.3d at 511) ("[T]he ALJ may expressly disregard lay testimony if the ALJ 'gives reasons germane to each witness for doing so.'")

**E.     Plaintiff's Ability to Perform Work Existing in the National Economy**

Plaintiff takes issue with the ALJ's finding that Plaintiff can perform work existing in the national economy. (*See* Dkt. Nos. 21 at 15, 26 at 5.) Yet, Plaintiff offers nothing beyond the conclusory assertion that "the ALJ erred in discarding evidence of an impairment that resulted in off-task conduct." (*See* Dkt. No. 21 at 15.) This assertion appears to refer to Plaintiff's claim that she has trouble focusing due to her mental health impairment. (*See* Dkt. No. 12 at 23.) But the ALJ considered and rejected that claim because she found it to be inconsistent with, among other things, Plaintiff's daily activities and unremarkable status evaluations. (*See id.*); *see also Lewis*, 236 F.3d at 511 ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence."). Plaintiff does not specifically challenge those findings, and the Court will not overturn the ALJ's findings just because Plaintiff asserts that "there is ample evidence that Plaintiff has off-task issues." (*See* Dkt. No. 26 at 5.)

**F.     Parsing the Evidence**

As a catchall objection to the ALJ's decision, Plaintiff further argues that the ALJ improperly "parsed" the evidence. (*See* Dkt. No. 21 at 7–8.) However, as Judge Creatura correctly observed, Plaintiff points to only a single example and, in doing so, mischaracterizes the ALJ's statement. (*See* Dkt. No. 29 at 8.) Plaintiff also failed to object to Judge Creatura's analysis on this issue—analysis that the Court finds persuasive. (*See id.* at 8–9.) The Court therefore concludes that the ALJ did not improperly "parse" the evidence.

**G.     Plaintiff's Eligibility for Title II Benefits**

Plaintiff claims that the SSA should have reopened her prior application for disability benefits under Title II. However, Title II and Title XVI share the same definition of disability, *see* 42 U.S.C. § 423(d), and the Court finds that the ALJ did not err in denying Plaintiff's claim for disability benefits under Title XVI. Consequently, Plaintiff's argument regarding her eligibility for Title II benefits is moot.

## III. CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Creatura's report and recommendation (Dkt. No. 29), OVERRULES Plaintiff's objections (Dkt. No. 30), and AFFIRMS the ALJ's decision pursuant to 42 U.S.C. § 405(g).

DATED this 23rd day of October 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE